**Decided May 13, 1988**

DISTRICT COURT FOR THE
NORTHERN MARIANA ISLANDS

BANKRUPTCY DIVISION

| | | |
|---|---|---|
| IN RE | ) | BK 88-00001 |
| | ) | |
| MARIA THERESITA H. ALDAN, | ) | |
| | ) | DECISION and ORDER |
| Debtor. | ) | |
| | ) | |

Bank of Guam has objected to the proposed plan filed by Debtor based on the premise that the loan cannot now be cured by Debtor. For the reasons stated herein, Creditor's objection is sustained.

Maria Theresita H. Aldan [Agulto] (Debtor) and her husband, Daniel P. Agulto, borrowed $17,300 from the Bank of Guam in 1983. The loan was secured by a first mortgage on their home. The terms of the agreement provided that the Debtor and her husband would pay $350 per month for 34 months followed by a lump sum "balloon" payment of $10,266.20 on May 5, 1986. Debtor and her husband serviced the loan through the final months of 1985. In January, 1986, Bank of Guam informed Debtor and her husband that the loan was in default. The loan reached its maturity, without acceleration, in May, 1986. Debtor and her husband failed to rectify the situation and in July, 1986, Bank of Guam filed a complaint seeking to foreclose. In September, 1986, the Commonwealth Trial Court granted summary judgment in favor of the Bank of Guam. Debtor filed this Chapter 13 petition on January

**400**

28, 1988, one day before the foreclosure sale.

Debtor's schedules listed, inter alia, a secured debt to Bank of Guam for $18,787.89. Subsequently, Debtor filed a plan which provided that she would pay Bank of Guam $350 per month for a period not exceeding 36 months following confirmation of the plan. According to Debtor, this plan would satisfy the principal due to Bank of Guam plus 12% interest, the legal limit. Bank of Guam objected to the plan based on §1322(b)(2).

Section 1322(b)(2) provides that a plan for reorganization may not modify the rights of a holder of a secured claim who possesses a security interest in real property that is the debtor's principal residence. Subsection 5 of §1322 provides that notwithstanding subsection 2, a debtor can cure a default on a secured claim in which the last payment on the loan is due after the date on which the final payment under the plan is due.

Debtor maintains that her plan does not modify Bank of Guam's rights contrary to the provisions of §1322(b)(2). Rather, Debtor argues that her plan simply allows for her to cure the default as provided in §1322(b)(5). According to Debtor, as long as there has been no foreclosure sale, Debtor is entitled to cure the default within a reasonable time. (Citing In re Glenn, 760 F.2d 1428 (6th Cir.), cert. denied, Miller v. First Federal, 474 U.S. 849 (1985), and others). As Debtor sees it, the only issue is whether 36 months is a reasonable time to cure the default.

Bank of Guam argues that the cure provision of §1322(b)(5) does not apply when a debt has reached its maturity

**401**

date, in the absence of acceleration, prior to the filing of the Chapter 13 petition (citing In re Seidel, 752 F.2d 1382 (9th Cir. 1985)). The Bank proposes that the only issue is whether the loan had reached its maturity date prior to the filing of this petition.

In 1985, the Ninth Circuit held that §1322(b)(2) "bars a home mortgagor from delaying payment of an already matured debt." In re Seidel, 752 F.2d 1382, 1385 (9th Cir. 1982). The Court concluded that the cure provisions of §1322(b)(5) are not applicable when a debtor is seeking to delay payments on a debt that is already due and payable. Id. at 1386.

In 1986, the Court reaffirmed it position in In re Harlan, 783 F.2d 839 (9th Cir. 1986). Citing In re Seidel, the Court held that a debtor could not modify an already matured home mortgage debt.

The law in the Ninth Circuit is clear. Debtor is precluded from curing the default in her home loan that had matured prior to the filing of her petition. The Court sustains the objection of Creditor Bank of Guam.

IT IS SO ORDERED.

DATED this 13th day of May, 1988.

Judge Alfred Laureta

402